IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLITCH PRODUCTIONS PTY LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>BAIHESHANGMAO, *et al.*,<br><br>    Defendants. | 2:25-CV-00727-CCW |

**OPINION AND ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION AS TO EVERY DEFENDANT EXCEPT BAIHESHANGMAO**

Plaintiff Glitch Productions Pty Ltd filed this case in this Court on May 28, 2025. ECF No. 1. Glitch is an animation studio that creates and publishes a number of animated series, including the series that are the subject of this action, *The Amazing Digital Circus* and *Murder Drones*. *Id.* at 3–4. Glitch alleges that the 136 Defendants identified in Schedule A to its Complaint have infringed on certain registered trademarks and copyrighted works that are associated with *The Amazing Digital Circus* and *Murder Drones* (the "Glitch IP"). *See generally* ECF Nos. 1, 2. Specifically, Glitch alleges that the Defendants have sold, and continue to sell, various products bearing unlicensed reproductions of the Glitch IP to U.S. consumers through e-commerce platforms like Amazon.com and Temu.com. ECF No. 1. Along with its Complaint, Glitch filed a Motion to Seal this case, ECF No. 3, a Motion for Alternative Service, ECF No. 12, and a Motion for a Temporary Restraining Order, ECF No. 8, which also included a motion to restrain assets and merchant storefronts, a motion for expedited discovery, and a motion for an order to show cause why a preliminary injunction should not issue against the Defendants, *id*. Glitch also submitted supporting exhibits and declarations from a consultant, Paul Varley, and its legal counsel, Martin Trainor, in support of the relief it requested. ECF Nos. 9-1, 10, 11.

On June 2, 2025, the Court granted Glitch's motions, including its Motion for a Temporary Restraining Order, and scheduled an in-person show cause hearing for June 16, 2025 to determine why a preliminary injunction should not issue against the Defendants. ECF No. 20. On appropriate motion from Glitch, the Court extended the temporary restraining order by a period of fourteen days and rescheduled the show cause hearing to June 30, 2025. ECF No. 27.

On June 27, 2025, Glitch filed a supplemental memorandum regarding the propriety of joinder under Rule 20 of the Federal Rules of Civil Procedure. On June 30, 2025, the Court held the scheduled show cause hearing. No one appeared on behalf of any of the 136 Defendants in this case. ECF No. 34. The only individual present was Glitch's counsel, Martin Trainor. *Id.* Mr. Trainor represented to the Court that Glitch would not be putting forth any additional evidence as to why a preliminary injunction should issue against the Defendants and would rest on the same evidence that was submitted in support of the request for a temporary restraining order.

The Court questioned Mr. Trainor on several topics. Specifically with respect to the issue of joinder of parties, the Court asked whether Glitch had any additional evidence, beyond what was alleged in the Complaint and supporting exhibits and declarations, regarding the Defendants' alleged relationship with each other.[1] Mr. Trainor did not have anything additional to add other than to note that while Glitch had propounded discovery requests on Defendants pursuant to Court's order granting expedited discovery, the Defendants had not responded to any of those requests. Mr. Trainor did, however, confirm that Glitch was relying on the "occurrence" or "series of occurrences" language of Rule 20(a)(2) of the Federal Rules of Civil Procedure to justify joinder

---

[1] The Complaint alleges, for example, that "E-commerce stores operating under the Seller Aliases include . . . notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated." ECF No. 1 ¶ 32.

2

at this stage of these proceedings. At the conclusion of the hearing, the Court took under advisement the issue of whether a preliminary injunction should issue.

Having considered Glitch's submissions, and for the reasons discussed below, the Court declines to issue a preliminary injunction against 135 of the 136 Defendants named in the Complaint. The Court will, however, issue a preliminary injunction against the first-named Defendant, BaiHeShangMao, for the reasons set forth in the Preliminary Injunction Order filed contemporaneously with this Opinion and Order.

### I. Legal Standard

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quotations omitted). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* The first two factors are "the most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

### II. Legal Analysis

The Court's decision to deny Glitch's request for preliminary injunctive relief as against 135 of the Defendants is based on its analysis of the first relevant factor. Specifically, the Court concludes Glitch has not established that 135 of the 136 Defendants in this case have a likelihood of success on the merits because there is insufficient evidence establishing that they were properly joined in this action.

#### A. Likelihood of Success on the Merits

Glitch has not established a likelihood of success on the merits as to the 135 Defendants other than BaiHeShangMao because the evidence before the Court does not establish the propriety

3

of joining all of those Defendants in this case under Rule 20 of the Federal Rules of Civil Procedure. "A plaintiff may join defendants in an action if the plaintiff (1) asserts a right to relief arising from the same transaction or occurrence, and (2) his action will involve any question of law or fact common to all the defendants." *Kokinda v. Pa. Dep't of Corr.*, 663 F. App'x 156, 158 (3d Cir. 2016) (citing Fed. R. Civ. P. 20(a)(2)(A) (permitting joinder of multiple defendants in one action if the plaintiff asserts claims "against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences")). The Court may "at any time . . . drop a party" if it determines they were misjoined. *See* Fed. R. Civ. P. 21. And "even where joinder is permissible under Rule 20, a Court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of judicial economy without prejudice to any party." *Malibu Media, LLC v. Surgent*, No. 12-CV-3905 SRC CLW, 2013 WL 1704289, at *2 (D.N.J. Apr. 19, 2013).

"[I]t is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Forcel Media Ltd. v. DecYI*, No. 2:25-CV-750, 2025 WL 1665586, at *2 (W.D. Pa. June 12, 2025) (Ranjan, J.) (quoting *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020)). Rather, without evidence that infringing defendants share some logical connection, joining them all in one case is not proper under Rule 20 because "one defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions of [sic] occurrences' as another defendant's unrelated infringement." *Estee Lauder*, 334 F.R.D. at 187 (quoting Fed. R. Civ. P. 20(a)(2)(A)). "Th[is] rationale applies just as well to copyright-infringement cases." *Id.*

4

Glitch alleges that joinder of the 136 Defendants named in this case is proper because: (1) Defendants' e-commerce stores "often share identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use;" (2) Defendants' e-commerce stores share other "notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images;" (3) the infringing products sold by Defendants "bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated;" (4) groups of infringers like the Defendants typically communicate with each other "through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by brand owners;" and (5) infringers "typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Glitch's enforcement." ECF No. 1 ¶¶ 32–34.

The Court is not convinced that these generalized allegations establish a connection among the 136 Defendants such that their joinder in one case is proper. The Court finds instructive the reasoning of a judicial colleague in this district who recently denied a motion for a temporary restraining order in a case similar to this one. *See Forcel Media Ltd.*, 2025 WL 1665586, at *3–4. As Judge Ranjan observed in *Forcel*, many courts in the Northern District of Illinois, where cases such as this one are commonly filed, have rejected theories of joinder similar to those advanced by Glitch. *See id.* (citing cases); *e.g.*, *Xie v. The Entities and Individuals Identified in Annex A*, 24-cv-09791, ECF No. 14 (N.D. Ill. Nov. 12, 2024) (rejecting argument that defendants receive

5

the infringing products from the same manufacturer, use the same advertising and images, offer for sale the same infringing products, and have other shared commonalities, such as price, payment accounts, grammar, title, and descriptions); *Toyota Motor Sales, U.S.A., Inc. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 24-cv-9401, ECF No. 27 at 3 (N.D. Ill. Nov. 18, 2024) ("[I]t's not enough to suggest that sometimes there are things that link some of the defendants together."). Indeed, this Court recently declined to find proper joinder in another case for substantially the same reasons articulated by *Forcel* and many courts in the Northern District of Illinois. *See Drozdova v. 80SDESIGN*, No. 25-cv-656, ECF No. 32 (W.D. Pa. June 16, 2025).

Having reviewed the evidence on which Glitch relies, the Court cannot conclude that it establishes that the Defendants are all logically connected, such that Glitch's claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). While the hundreds of pages screenshots of Defendants' online storefronts do show some similarities in how infringing products are offered for sale, *see* ECF Nos. 11-1–11-8, "counterfeiters copying the marketing and advertising on similar websites simply does not establish a logical relationship between every Defendant," *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024) (quotation omitted). *See also Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 805 (N.D. Ill. 2024) ("[E]ven if defendants' webpages were all identical, joinder is improper because use of identical web pages would not overcome the likelihood that Defendants are just copycats, both of the plaintiff's style and of each other.") (cleaned up). Other than this evidence, Glitch relies on the declaration of its consultant, Paul Varley, which generally just repeats the allegations made in the Complaint. *See* ECF No. 10. And as noted, those allegations are insufficient to establish that joinder of 136 otherwise seemingly

unrelated Defendants is proper. *See Forcel Media Ltd.*, 2025 WL 1665586, at *3–4; *Drozdova*, No. 25-cv-656, ECF No. 32 at 5–7.

Furthermore, the Court is unpersuaded by the authority cited in Glitch's supplemental memorandum on the issue of joinder. Glitch relies primarily on *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) and *Doggie Dental, Inc. v. Cdoffice*, No. 2:21-CV-00271, 2021 WL 5411432 (W.D. Pa. Sept. 7, 2021) (Hornak, C.J.) to argue that joinder is appropriate. *See* ECF No. 29 at 5–8. The Court disagrees with the reasoning in *Bose*, and *Doggie Dental* is inapposite.

In *Bose*, on somewhat similar facts as those presented here, the court first held that the plaintiff had not alleged a "transaction" or "series of transactions" sufficient to join the infringing entities as defendants under Rule 20. *Bose*, 334 F.R.D. at 515–16. The *Bose* court reasoned, however, that an "occurrence" under Rule 20(a)(2)(A) was broader in scope than a "transaction," *id.* at 516, and held that an "uncoordinated 'swarm' of infringers of Bose's trademarks . . . constituted the relevant occurrence for Rule 20(a)(2) purposes," *Bailie*, 734 F. Supp. 3d at 803 (citing *Bose*, 334 F.R.D. at 516–17). Glitch argues that the same logic justifies joinder here because "Glitch has faced, and is still facing, a 'swarm of attacks' on its trademarks and copyrighted works." ECF No. 29 at 1, 9–10. But the *Bose* court's interpretation of what constitutes an "occurrence" for purposes of Rule 20 "undermine[s] a consistent line of cases . . . holding that Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same [intellectual property]." *Bailie*, 734 F. Supp. 3d at 804 (declining to follow *Bose*); *see also Kokinda*, 663 F. App'x at 159 ("Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.") (quotation omitted); *Pathway IP LLC v. Individuals, Corps., Ltd. Liab.*

*Companies, P'ships, & Unincorporated Ass'ns Identified on Attached Schedule A*, No. 24-CV-5218, 2025 WL 815648, at *4 (N.D. Ill. Mar. 13, 2025) (declining to follow *Bose* and citing other cases doing same).  The Court does not find *Bose*'s reasoning persuasive and declines to apply it here.

As for *Doggie Dental*, that case involved allegations of direct coordination amongst the defendants.  *See Doggie Dental*, 2021 WL 5411432, at *4, *5 n.9.  Specifically, the plaintiffs there alleged that "certain defendants manufactured counterfeit goods and supplied them to other defendants," and that the defendants "worked together . . . by sharing information and communicating their plans with each other."  *Id.* at *4.  Thus, the court concluded that joinder was proper because the plaintiffs' allegations provided "more than a conclusory boilerplate statement that defendants were working in concert.  Rather, they explain[ed] *how* the defendants allegedly worked together in a common scheme to profit off the unauthorized use of Plaintiffs intellectual property."  *Id.*  Indeed, the court declined to consider the application of *Bose*'s swarm analogy to the joinder analysis because the allegations of "express coordination" amongst the defendants made it unnecessary.  *See id.* at *5 n.9.  Unlike *Doggie Dental*'s allegations of express coordination, here, Glitch relies on a combination of inferences to conclude that the Defendants must share some logical connection.  *See* ECF No. 1 ¶¶ 32–34.  And as discussed above, those inferences fall short.  *See Forcel Media Ltd.*, 2025 WL 1665586, at *3; *Drozdova*, No. 25-cv-656, ECF No. 32 at 5–7; *Estee Lauder*, 334 F.R.D. at 188.

In sum, the Court concludes that Glitch has not presented sufficient evidence establishing that joinder of all 136 Defendants in this case is appropriate under Rule 20 of the Federal Rules of Civil Procedure.  Furthermore, even if joinder was permissible under Rule 20, the Court would exercise its discretion to sever 135 Defendants for reasons of judicial economy and so as to not

"hamper[] the Court's ability to conduct meaningful review of the merits of the case." *Forcel Media Ltd.*, 2025 WL 1665586, at *4. Accordingly, Glitch has not established a likelihood of success on the merits as to the 136 Defendants other than the first-named Defendant, BaiHeShangMao.

### III.    Conclusion

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that Glitch's request for preliminary injunctive relief as against Defendants 2 through 136, as set forth in Schedule A to the Complaint, is **DENIED**. **IT IS FURTHER ORDERED** that on or before **July 8, 2025**, Glitch shall show cause as to why Defendants 2 through 136 should not be dismissed from this case for misjoinder, or shall file an Amended Complaint asserting claims against only those Defendants for whom Glitch can establish proper joinder under Rule 20(a)(2)(A) of the Federal Rules of Civil Procedure. **IT IS FURTHER ORDERED** that Glitch shall serve this Opinion and Order on all Defendants in accordance with the terms of the Alternative Service Order entered at ECF No. 19.

DATED this 1st day of July, 2025.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

9